William James **FARQUHARSON,**
Appellant,

v.

**H. R. LANDON, District Director Immigration and Naturalization Service, Department of Justice, District No. 16,** Appellee.

No. 14318.

United States Court of Appeals
Ninth Circuit.

Nov. 29, 1954.

Harry Wolpin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Robert K. Grean, Andrew J. Davis, Jr., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and WALSH, District Judge.

JAMES ALGER FEE, Circuit Judge.

This is an appeal from a judgment of the District Court denying a petition in behalf of Farquharson for a writ of habeas corpus, dissolving a restraining order and remanding petitioner to the custody of the District Director for deportation according to law.

The record shows that the petition was filed and order to show cause why petitioner should not be restored to his liberty was issued to the District Director, who had custody of Farquharson, together with an order restraining the official from removing petitioner from the jurisdiction of the court pending

further order. Landon, the District Director, filed a return to the petition, setting up the regularity of the proceeding and attaching the complete administrative record of the Immigration and Naturalization Service pertaining to petitioner.

The trial judge held a hearing at which no testimony was taken upon the question of whether the writ should issue. Petitioner was not brought into court since there was apparent agreement that all the facts were set out in the documents appended to the petition and the return.

The court found the facts set forth below.

Farquharson, an alien and citizen of England, entered this country at San Ysidro, California, during the month of November, 1952, while not in possession of a valid immigration visa and while not exempt from presentation of such a document. A warrant of arrest charged him, as an immigrant, with a violation in that he was not in possession of a valid immigration visa and therefore was excluded by law existing at the time of entry.[1] On August 3, 1953, hearing was given him, and he was found deportable. The hearings were reopened to determine whether Farquharson should be allowed to depart voluntarily, but eventually this request was denied because of his conviction and imprisonment in Canada for theft in 1951. A warrant for deportation had been issued.

Based upon these findings, the court concluded the acts were constitutional[2] and that Farquharson was deportable, and passed the judgment from which appeal was taken.

The questions submitted are (1) whether the trial court erred in denying a petition for habeas corpus, and (2) whether the hearing before the Special Inquiry Officer was valid by meeting requirements of fairness and impartiality

or unconstitutional, null, void and violative of due process.

■ The procedure of the trial court is questioned, since Farquharson claims that there should have been a hearing and that he should have been produced in court. The law provides specifically that an "order directing the respondent to show cause why the writ should not be granted" should be served on "the person having custody". The person detained need not be produced if "the application for the writ and the return present only issues of law".[3] There was no requirement that testimony be produced or that petitioner be brought into court in the instant cause. The court found the uncontroverted facts from the record. No other questions than the law to be applied remained. No question of fact is raised here. There is no error in this.

■ The facts show that the administrative hearing was conducted fairly and impartially, that the evidence upon the points there decided was substantial, and that Farquharson was given notice and opportunity to rebut the proof relied on there. This concludes an appellate court. Due process was clearly accorded the alien. The standards of fairness and impartiality were observed. The alien does not claim any fact has been unfairly decided or that he was subject to bias or unfair treatment in his own hearing. Indeed, the facts are concededly set out in the findings of the court.

The constitutional question is not reached. The shadow of a suspicion that someone might be done an injustice under the statute by a hearing before a biased official is not ground for overthrowing conclusions reached by an impartial hearing officer. With some regret, it must be admitted our legal history before the passage of the Administrative Procedure Act[4] proves conclusively that neither citizen nor alien has

1. 8 U.S.C.A. § 1251(a) (1).

2. In particular, that 8 U.S.C.A. § 1252(b), prescribing the administrative procedure observed herein, is constitutional.

3. 28 U.S.C.A. § 2243.

4. 5 U.S.C.A. § 1001 et seq.

a vested constitutional right in the doctrine of tripartite separation of powers.

Farquharson claims that, since the due process clause of the federal Constitution applies to aliens as well as citizens,[5] he was entitled to basic fair play in his hearing, and that, since the combination of investigative and prosecuting powers may possibly be exercised by an officer who may be called upon to adjudicate the status of persons under the present statute,[6] currently prevailing standards of fairness and impartiality[7] are violated. He likewise complains that the decision of the Attorney General is final and not that of the Special Inquiry Officer who presides at the hearing. It is also objected that it is "stretching the plain meaning of words to say that the order of the Special Inquiry Officer is the order of the Attorney General." Finally, it is specified that the Special Inquiry Officer is by the terms of the Act subject to control of other officers of the Immigration Service engaged in investigation and prosecution, and that the entire service is subject to the supervision of the Attorney General, the highest law enforcement officer of the United States.

The Supreme Court of the United States, in holding that the Administrative Procedure Act originally included deportation hearings, suggested that the agency had the legislative ear and could apply for relief if unduly hampered in the functions to which it was assigned.[8] As a result, the legislative branch exempted "proceedings under law relating to the exclusion or expulsion of aliens" from the sweep of review under the Administrative Procedure Act.[9] Apparently also as a result of this suggestion and as a pragmatic approach, subsequent legislation indicated a disposition to deal directly with the problem. The later act provided the therein prescribed procedure should be the sole and exclusive method of deportation and sets out the present congressional intention with clarity. Since the Administrative Procedure Act admittedly set standards narrower than those constitutionally prescribed in order to meet intolerable abuses in the developing field of executive action, the mere fact that Congress may have removed any particular process or agency from its scope[10] does not necessarily prove that the act accomplishing removal is inherently defective. The legislative branch, with full knowledge and realization of the attitude of the highest court, attempted to set up deportation procedures which were conceived to accord with the established standards. It must be recognized that, if Congress removed deportation proceedings from the controls of the former statute, there were set up standards peculiar to this agency which were believed necessary on account of apparent necessity in dealing with a vital problem.

The Wong case,[11] which held that deportation proceedings under the previous statute were subject to the control of the Administrative Procedure Act, is, of course, no longer controlling under the new statute. Unless it can be said that Congress intended to import into the new Deportation Act the specific devices for division of powers rigidly prescribed by the Administrative Procedure Act, although it set up an entirely different method of obtaining experts by the Deportation Act, the courts are bound by the specific procedures therein laid down.

---

5. Kwong Hai Chew v. Colding, 344 U.S. 590, 73 S.Ct. 472, 97 L.Ed. 576.

6. 8 U.S.C.A. § 1252(b) provides: "No special inquiry officer shall conduct a proceeding in any case * * * in which he shall have participated in investigative functions or * * * in prosecuting functions."

7. Wong Yang Sung v. McGrath, 339 U.S. 33, 50, 70 S.Ct. 445, 94 L.Ed. 616.

8. Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616.

9. 64 Stat. 1048, 8 U.S.C.A. § 155a.

10. United States v. Morton Salt Company, 338 U.S. 632, 644, 70 S.Ct. 357, 94 L.Ed. 401.

11. Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616.

But the knotty problem of statutory construction is not here reached. The alien in this case has followed procedures which would have been applicable under the Administrative Procedure Act.[12] He has been accorded complete judicial review [13] of the administrative process in the habeas corpus proceeding, as if the remedy specifically provided by that statute had been followed.[14] The actual hearing in deportation has been carefully examined by the trial court, as it has been here. This Court need not decide whether the review is given under the express terms of the Administrative Procedure Act or accorded under the historic process of habeas corpus.

In accordance with the cautious approach of the federal courts, the threshold of the consitutional question as to queries raised by the general application of the Deportation Act is not reached either. Although this Court expressly refuses to decide in the abstract whether the machinery now provided will under postulated circumstances establish complete protection for a hypothetical person under fundamental guaranties, that problem is not here. Farquharson is before this Court. The impeccability of the procedure in accomplishing the end in his case only is in issue. The correctness of the concrete result must be established substantively as to him.

It must be determined whether or not Farquharson in the administrative hearing was proceeded against in accordance with current prevailing standards of fairness and impartiality and there was reasonable probative and substantial evidence to warrant the result. Due process and a fair hearing must have been accorded the alien, else the trial court would have been bound to intervene. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499.

This Court affirms the trial court in finding that the Immigration and Naturalization Service, which conducted the hearing, had jurisdiction; that the Special Inquiry Officer who conducted the proceedings did not participate in an investigative function in any case or matter connected with Farquharson; that the latter had notice of the hearings and had opportunity to show that he did not come within the classification of aliens whose deportation Congress has directed; that there were no procedural irregularities in said hearings, and the administrative proceedings were fair; and, finally, that there was substantial, reasonable and probative evidence to support the Warrant for Deportation.

At the reopened administrative hearings, the alien was permitted to apply for voluntary departure, but this was properly denied, since his conviction and imprisonment in Canada for theft rendered him ineligible under the statute. 8 U.S.C.A. § 1254(e). There was no suggestion here that discretion was not properly exercised or was controlled by order, policy or by indirect implication. The requirements of due process were therefore fulfilled.

One fact is plain under the findings of the trial court—this alien has no right in the United States.[15]

12. 5 U.S.C.A. § 1009.

13. "Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof." 5 U.S.C.A. § 1009(a).

14. "The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or *habeas corpus*) in any court of competent jurisdiction. Agency action shall be subject to judicial review in civil or criminal proceedings for judicial enforcement except to the extent that prior, adequate, and exclusive opportunity for such review is provided by law." 5 U.S.C.A. § 1009(b) (Emphasis supplied).

15. The case of Marcello v. Ahrens, 5 Cir., 212 F.2d 830, certiorari granted October 14, 1954, Marcello v. Bonds, 75 S.Ct. 39, does not rule this situation, since there were important facts there involved which were not present here.

This Court is of opinion that, if there be a mere theoretical flaw in the statutes setting up the process of deportation, this should not render all aliens, no matter how undesirable, undeportable until the act can be amended. In any event, we find the administrative structure had no deleterious effect here.

The order of the trial court is affirmed.